UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ARTHUR WILLIAM SOLDA,                                                       No. 05-11795

                        Debtor(s).
_____/

Amended Memorandum of Decision re Chapter 12 Confirmation
_____

I. Introduction

      Debtor Arthur Solda filed a joint Chapter 12 petition with his wife on October 27, 2003. The case was dismissed at their request on December 16, 2003, prior to a confirmation hearing. The Soldas then filed a joint Chapter 7 petition on April 24, 2004, and received a discharge. Right after the discharge, Arthur Solda alone filed this Chapter 12 case, although he is still married to and lives with his wife.

      Solda and his wife operate a small vineyard at their residence. The purpose of his plan is to "strip down" the second deed of trust on his residence from over $500,000.00 to $60,000.00 and to re-write his obligation on the first mortgage. Both secured creditors have objected.

      Solda's plan can be confirmed only if the court finds that Solda is eligible to be a Chapter 12 debtor, that the value of his property is low enough to permit a payment of $60,000.00, and that the plan was filed in good faith. Because Solda has not come anywhere near meeting his burden as to any of these matters, confirmation will be denied.

      Before beginning its analysis, the court is compelled to note that Solda is one of the least credible witnesses who has ever given testimony in this court. He is by profession an enrolled tax agent

1

who makes his living preparing tax returns. As such, he is used to adjusting facts to fit within the parameters of a complicated statute. He appears to be treating the Bankruptcy Code in the same manner, with facts and characterizations changing to suit his present purposes. He appeared on the witness stand to be well-coached in the correct responses to questions and well-schooled in the statutory requirements applicable to this case, as he should be by virtue of having two prior bankruptcies, one a Chapter 12, within a year of this filing.

In two key areas Solda utterly destroyed his credibility. First, he testified at the 341 hearing in this case that in 2004 he grossed $40,000.00 in a trucking business. Realizing that this admission made him ineligible for Chapter 12, he belatedly tried to convince the court that the income was his son's based on a 1099 form and a tax return that Solda himself prepared. Second, he scheduled the real property in his Chapter 7 as having a value of over $1million, and in this case scheduled it at $700,000.00. In addition, Solda admitted under cross-examination that a statement in his declaration regarding his 2005 income is false. It is apparent to the court that a declaration under penalty of perjury means little or nothing to Solda, and there is no fact he cannot spin to his benefit.

II. Eligibility

Solda's wife makes over $100,000.00 per year, which is why Solda filed this case individually. Pursuant to sections 101(18) and 109(f) of the Bankruptcy Code, to be eligible for Chapter 12 Solda must show that at least 50 percent of his gross income for 2004 was from farming.[1] While the court is certain that in California a non-filing spouse's income must be considered for eligibility purposes, both because of community property laws and because she will be a direct beneficiary of plan confirmation, it is not necessary for the court to decide this issue. Even disregarding his wife's income, Solda has not demonstrated eligibility for Chapter 12.

---

[1] Solda is fortunate that the statute says gross income, as he had a large net loss from farming in 2004. It appears that Solda is only a "farmer" for the tax benefits.

2

Solda admits to grossing $23,937 from his tax return business and says his gross income from operation of the vineyard was $34,237. However, as noted above, he testified at his 341 hearing that he grossed $40,000 from a trucking business he formed with his 23-year-old son as an employee. According to Solda's later testimony, the business has morphed from Solda's business to his son's business, bolstered by a form 1099 prepared by Solda himself. Considering Solda's credibility after observing him on the stand, and having heard a recording of his original testimony at the 341 hearing, the court cannot find that at least 50% of Solda's gross income is from farming. It is more likely that the trucking income was also Solda's notwithstanding his later attempts to call it something else, so he is not eligible for Chapter 12.

III. Good Faith

It is not per se bad faith to file bankruptcy petition under a different chapter on the heels of a prior bankruptcy. *In re Metz*, 820 F.2d 1495, 1498 (9th Cir. 1987); see also *In re Edwards*, 87 B.R. 671 (Bkrtcy. W.D. Okl. 1988)[Debtor filing Chapter 12 on the heels of a Chapter 7 may be permissible, but debtor must overcome presumption of bad faith]; *In re Wickliffe*, 106 B.R. 470, 473 (Bkrtcy.W.D.Ky. 1989) [same]. However, to be in good faith there must be a bona fide change in circumstances (*Metz, Id.*), and there must be no attempt to manipulate the bankruptcy system or achieve a result not permitted in either chapter standing alone. *In re Craig*, 222 B.R. 266, 271 (Bkrtcy.E.D.Va. 1998). Plans which propose to strip a lien not subject to stripping in Chapter 7 are particularly suspect. *In re Keach*, 243 B.R. 851, 867 (1st Cir. BAP 2000).

In Chapter 7, an obligation secured by a deed of trust to the debtor's residence cannot be stripped. *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In their Chapter 7 case, Solda and his wife have erased almost all of their unsecured debt, including any deficiency debt to the holder of the second mortgage. They would now strip a lien not subject to stripping in their prior case. There are no changed circumstances. They are manipulating the Bankruptcy Code like it was the

3

Tax Code. The court accordingly finds that Solda has proposed the plan in this case in bad faith.[2]

IV. Valuation

Solda has completely failed to convince the court that his property is now worth as little as he says it is now worth. The court completely disregards Solda's own testimony as to value, which changes as it suits him. In essence, he asks the court to find the property is only worth $700,000 because he listed the property for sale at $1.2 million and had no offers.

Two competent appraisals were submitted into evidence. The earlier appraisal, completed four years ago, is far more detailed and convincing than the appraisal commissioned by Solda for this hearing. Based on the earlier appraisal, the admission of Solda and his wife in their Chapter 7 schedules, and the admission of Solda in his listing of the property, the court finds that the property is worth in excess of $1 million and therefore the plan is not confirmable pursuant to § 1225(a)(5)(B) of the Code.

V. Conclusion

Solda is not eligible to be a Chapter 12 debtor. He filed this case and proposed his plan in bad faith. The plan is unconfirmable because it undervalues the secured claim of the second deed of trust holder. Accordingly, confirmation will be denied and this case will be dismissed. The stay relief motion of second deed of trust holder Jan Logan will be granted, effective immediately. Counsel for Logan shall submit a form of order denying confirmation and dismissing this case and a separate form of order granting the stay relief motion.

//

---

[2] If the Solda and his wife had filed only their Chapter 7 case, both would have received a discharge but they could not lien strip. If only this Chapter 12 case were filed, Solda could lien strip but his wife would not receive a personal discharge. By filing a "Chapter 19," Solda and his wife are attempting to achieve a result not possible in either case alone. This constitutes bad faith.

4

1 | Dated: December 22, 2005

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge